IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

STEPHEN L. FINNER
    c/o Wendell Finner PC
    One East Chase Street, Suite 1109
    Baltimore MD 21202
            CASE NO.

Plaintiff,

vs.

CREDIT SOLUTIONS CORP.
 Serve on: CSC-Lawyers Incorporating Service Co.
      7 St. Paul St., Ste. 820
      Baltimore, MD 21202
 Defendants

_____

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## INTRODUCTION

Stephen L. Finner, Plaintiff, sues Credit Solutions Corp. (Debt Collector) for its violations of the Maryland Consumer Protection Act (MCPA), the Maryland Consumer Debt Collection Act (MCDCA), the Telephone Consumer Protection Act (TCPA) and the Fair Debt Collection Practices Act (FDCPA). Fundamentally this case is about Defendants refusal to respect Mr. Finner's consumer rights by contacting him to collect a consumer debt in order to harass him, even though it knew he was represented by an attorney.

## PARTIES, JURISDICTION, AND VENUE

1. Mr. Finner is a natural person residing in this district and is a "consumer" as defined in the FDCPA and the MCPA.

2. Debt Collector is a corporation organized under the laws of California. It is engaged in the business of collecting debts asserted to be owed to entities other than Debt Collector.

3. The Court has jurisdiction under 15 U.S.C. §1692l, 28 U.S.C. §§1331, 1367. Venue is proper in this District and Division pursuant to 28 U.S.C. §1391(b)(2) and Local Rule 501(4)(b)(ii).

## FACTUAL BACKGROUND

6. Mr. Finner had an alleged debt to North Country Federal Credit Union (Creditor) incurred for personal, family or household purposes.

7. Mr. Finner's alleged debt is a "debt" or "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a.

8. Mr. Finner hired Wendell Finner PC to represent him with respect to all debts and claims that him creditors may have had against him, and to seek relief from debt collection calls and letters.

9. On February 13, 2019 Mr. Finner, through counsel, advised Creditor that he was represented by an attorney with respect to all accounts owned or serviced by Creditor and requested that Creditor cease all direct contact with Mr. Finner. A true and correct copy of the February 13, 2019 communication to Creditor, which was confirmed received by Creditor's fax receiving equipment, is attached hereto as Exhibit A.[1]

10. The February 13, 2019 communication to Creditor placed Creditor on notice that (a) Mr. Finner was represented by counsel with regard to him alleged debt(s), (b) Mr. Finner did not wish to be directly contacted by Creditor, and (c) Mr. Finner disputed the alleged debt.

---

[1] The fax sent to Synchrony contained a notice of representation which stated "PLEASE TAKE NOTICE that Wendell Finner PO Box 24565 Baltimore MD 21214 is my attorney at law who represents me with respect to all my debts and all claims my creditors have against me. I authorize and instruct him to discuss any of my accounts with my creditors and their affiliates, agents, employees, designees or assigns. I authorize and instruct my creditors to disclose such information to Mr. Finner as he may request, and to direct all communications to him as my attorney." The notice was signed by Mr. Finner and included him social security number to assist recipients in identifying affected accounts. Due to the inclusion of Mr. Finner's social security number, the Notice of Representation is not filed herewith.

11. Debt Collector and Creditor are parties to an agreement, which is in those parties' exclusive possession, that provides for (a) Debt Collector to collect debts from consumers on Creditor's behalf and (b) Creditor to provide Debt Collector with attorney contact information regarding targeted consumers.

12. Creditor provided Debt Collector with a copy of Exhibit A.

13. On June 17, 2019, June 18, 2019, July 19, 2019 and July 22, 2019 Debt Collector, notwithstanding that Mr. Finner was represented by counsel, telephoned Mr. Finner in an attempt to collect a debt.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

14. Mr. Finner incorporates paragraphs 2-3 and 6-13 hereof.

15. By contacting Mr. Finner when it knew him to be represented by an attorney, Debt Collector violated 15 U.S.C. §1692c(a)(2).

16. The natural consequence of Debt Collector's direct dunning of Mr. Finner when it knew him to have an attorney was to harass Mr. Finner, in violation of 15 U.S.C. §1692d.

WHEREFORE, Plaintiff, Stephen L. Finner, demands judgment against Credit Solutions Corp. for actual and statutory damages, attorneys' fees, interest and costs of suit.

## COUNT II – MARYLAND CONSUMER DEBT COLLECTION ACT

17. Mr. Finner incorporates paragraphs 2-3, 6-13, and 16 hereof.

18. Debt Collector could reasonably have expected that its direct communications with Mr. Finner even though Debt Collector knew him to be represented by an attorney would abuse and harass him.

19. By communicating with Mr. Finner in such manners Debt Collector violated the MCDCA, Md. Code, Com L. Art. §14-202(6).

20. Mr. Finner experienced emotional distress and incurred attorneys' fees caused by Defendants' harassing communications.

WHEREFORE, Plaintiff, Stephen L. Finner, demands judgment against Credit Solutions Corp.. for actual damages, attorneys' fees, interest and costs of suit.

### COUNT III – MARYLAND CONSUMER PROTECTION ACT

21. Mr. Finner incorporates paragraphs 2-3, 6-13, and 16 hereof.

22. By violating the MDCPA, Debt Collector violated the MCPA, Md. Code, Com L. Art. §13-301 (14).

WHEREFORE, Plaintiff, Stephen L. Finner, demands judgment against Credit Solutions Corp. for actual damages, attorneys' fees, interest and costs of suit.

### COUNT IV – UNLAWFUL USE OF TELEPHONE EQUIPMENT

23. Mr. Finner incorporates paragraphs 2-3, 6-13, and 16 hereof.

24. Debt Collector's calls on June 17, 2019 and July 19, 2019 were placed to Mr. Finner's cellular telephone without his consent.

25. The telephone calls made to Mr. Finner's cellular telephone were willfully or knowingly made using an automatic telephone dialing system.

26. The telephone calls made to Mr. Finner's cellular telephone were not made for emergency purposes.

27. The telephone calls made to Mr. Finner's cellular telephone violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

WHEREFORE, Plaintiff, Stephen L. Finner, demands judgment against Credit Solutions Corp. for actual damages, attorneys' fees, interest and costs of suit.

## **JURY DEMAND**

Mr. Finner demands trial by jury.

/s Wendell Finner
WENDELL FINNER, Bar No. 04379
One East Chase Street, Suite 1109
Baltimore, Maryland 21202
(410) 929-2440
(410) 449-1170 fax
himself@wendellfinner.com
*Attorney for Plaintiff*
